Argued and submitted October 15, 1993, affirmed February 16, petition for review denied April 5, 1994 (318 Or 583)

In the Matter of the Compensation of
Sandra J. Way, Claimant.

Sandra J. WAY,
*Petitioner,*

*v.*

FRED MEYER, INC.,
*Respondent.*

(WCB 91-13913; CA A79767)

868 P2d 792

Thomas A. Coleman argued the cause and filed the brief for petitioner.

Bruce L. Byerly argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of an order in which the Workers' Compensation Board held that her claim for an occupational mental disorder is not compensable. We affirm.

Claimant seeks compensation for her anxiety disorder, which she asserts was caused by her employment. The Board found, and claimant does not challenge, that the disorder was caused in major part by reasonable disciplinary, corrective and performance evaluation actions by employer. Under ORS 656.802(3)(b), a mental disorder is not compensable "[u]nless the employment conditions producing the mental disorder are conditions other than * * * reasonable disciplinary, corrective or job performance evaluation actions by the employer * * *." Claimant asserts that the requirements of ORS 656.802(3)(b) are preempted by the Americans with Disabilities Act (ADA), 42 USC § 12101 *et seq.* In particular, she argues that those requirements constitute discrimination by reason of her disability, which is prohibited by 42 USC § 12132 and 28 CFR § 35.130(b)(8).

42 USC § 12132 provides:

"Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

The implementing regulations provide, in part:

"A public entity shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered." 28 CFR § 35.130(b)(8).

Claimant argues that requiring a claimant who has a mental disorder to prove that the disorder is not caused by the employer's reasonable disciplinary, corrective or job performance evaluation actions discriminates against persons with mental disorders, because claimants with other types of workers' compensation claims are not subject to the same requirement.

Whatever the merit of her discrimination argument, and we express no opinion about that or about whether the Board or this court is the appropriate forum to address the question, *see* 42 USC § 12133; 28 CFR §§ 35.170 - 35.190 (enforcement and compliance procedures), claimant cannot prevail. Title II of the ADA, which includes 42 USC § 12132, became effective on January 26, 1992. Claimant filed her claim in August, 1991, before the ADA was in effect. She does not point to any language in the ADA that indicates a legislative intent to apply the Act to claims that arose before the effective date of the Act, and we find none. The only federal appellate court that has addressed the issue has concluded, in a *per curiam* opinion, that the ADA does not have retroactive effect. *See O'Bryant v. City of Midland*, 9 F3d 421 (5th Cir 1993). Therefore, the ADA does not apply to her claim.

The Board did not err in holding that the claim is not compensable.

Affirmed.